## Nelson v. Kentucky River Stone & Sand Company.

(Decided March 11, 1919.)

### Appeal from Anderson Circuit Court.

Master and Servant—Workmen's Compensation Act.—In holding that the compensation for specific injuries, provided in section 18 of the Workmen's Compensation Act, was confined to those injuries and no others, it was not intended to lay down the rule that the Workmen's Compensation Board could not use the schedule contained in section 18 as a standard by which to measure the compensation to be allowed for injuries not specified, but falling within the general clause awarding compensation, "in all other cases of permanent partial disability," etc.

LILLARD CARTER and R. L. BLACK for appellant.

O'NEAL & O'NEAL and F. R. FELAND for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Extending former opinion and overruling petition for rehearing.

Upon a reconsideration of the question involved, we see no reason to depart from our former opinion, but deem it proper to say, that in holding that the compensation for specific injuries, provided in sec. 18 of the Workmen's Compensation Act, was confined to those injuries and no others, it was not intended to lay down the rule that the Workmen's Compensation Board could not use the schedule contained in section 18 as a standard by which to measure the compensation to be allowed for injuries not specified, but falling within the general clause awarding compensation, "in all other cases of permanent partial disability," etc.

Wherefore, the petition for rehearing is overruled and the opinion extended as above indicated.