Milton WALKER, Appellant,

v.

PORTER PRODUCT FINISHERS, DIVISION OF PORTER PAINT CO., et al., Appellees.

PORTER PRODUCT FINISHERS, DIVISION OF PORTER PAINT CO., and Liberty Mutual Insurance Co., Appellants,

v.

James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, et al., Appellees.

Court of Appeals of Kentucky.

Feb. 1, 1974.

pellee Porter Product Finishers Division of Porter Paint Co. Appellant filed his claim with the Workmen's Compensation Board (hereinafter the Board), and the Special Fund was made a party to the action under KRS 342.120. On February 12, 1973, the Board rendered an opinion dismissing the Special Fund and granting the appellant an· open-end award of $52.00 per week beginning on August 13, 1970, for as long as he remains totally disabled, not to exceed 425 weeks from said date.

The appellee employer appealed the Board's decision to the Jefferson Circuit Court, and that court affirmed so much of the Board's decision as dismissed the Special Fund and reversed so much of the decision as granted an open-end award to appellant.

Appellant asserts that the Jefferson Circuit Court substituted its own judgment for that of the Board and that the evidence before the Board was sufficient to justify the Board's findings and award. The employer asserts that the Board's granting an open-end award was not supported by evidence and that the Board should not have dismissed the Special Fund. The Special Fund asserts that the circuit court correctly affirmed that part of the Board's opinion which dismissed the Special Fund.

F. L. Pearl, Pearl & Trevathan, Louisville, for Milton Walker.

Charles S. Cassis, Brown, Todd & Heyburn, Louisville, for Porter Product Finishers, Etc. and Liberty Mutual Ins. Co.

Robert D. Hawkins, Chief Counsel, Dept. of Labor, Frankfort, Gemma Harding, Louisville, for James R. Yocom, Commissioner of Labor, Etc. and Workmen's Compensation Bd.

JONES, Justice.

In August 1970, Appellant Milton Walker injured his back while working for Ap-

▆ The Jefferson Circuit Court properly found that the dismissal of the Special Fund was correct. The statute in effect at the time appellant was injured[1] provided that the Special Fund could be made a party to the action if the claimant had a dormant non-disabling disease condition which condition was aroused by a subsequent injury or disease. KRS 342.120. We have

---

[1]. KRS 342.120 was amended effective January 1, 1973. Under the prior statute the Special Fund could not properly have been made a party to this action, while the opposite is true if the amended statute were to be applied. We have held that where a statute, applicable at the time of the injury, is amended so that the amended statute becomes effective at a date subsequent to the date of the injury, the statute shall be applied as it existed on the date of the injury, where the statute affects the substantive rights of the parties. Cantrell v. Stambaugh, Ky., 429 S.W.2d 677 (1967); Old King Mining Co. v. Mullins, Ky., 252 S.W.2d 871 (1952); Knott Coal Corporation v. Kelly, Ky., 232 S.W.2d 994 (1949); Henry Vogt Mach. Co. v. Mercer, Ky., 213 S.W.2d 426 (1948); Thomas v. Crummies Creek Coal Co., Ky., 179 S.W.2d 882 (1944).

held that this statute meant that the "disease condition" must in fact be a *disease* condition. Adams and Mulberry Corporation v. Bolston, Ky., 487 S.W.2d 680 (1972). The evidence in the case at bar did not disclose the arousal of a dormant non-disabling disease condition.

■ The Jefferson Circuit Court in remanding the Board's award found also that there was

" . . . no substantial evidence to justify the award of total disability

. . . .

. . .

It is therefore

ORDERED that this action be and hereby is remanded to the Board for a determination of plaintiff's disability based upon the medical evidence . . . ."

The circuit court has misapplied the law; we are unaware of any requirement that the Board need consider only medical evidence in making its determination. As we have stated before:

" . . . as the basis for an award . . . there must be some evidence showing to what extent the claimant is 'disabled.' This is not always exclusively a matter of medical testimony . . . . In many cases, particularly those involving internal injuries, medical evidence may be the only competent evidence to prove the actual bodily condition of the employe . . . ; but once the bodily condition has been established, lay testimony may be competent on the question of the extent of the *disability* that has resulted from the bodily condition." Baier v. B. G. Schnell, Ky., 323 S.W.2d 587, 590 (1959).

In the case at bar there was medical testimony from which the Board could have concluded that appellant did suffer from the claimed bodily condition (back injury). Once the Board reaches the conclusion, based upon medical testimony, that the bodily condition exists, the Board may then turn to lay evidence to determine the extent, if any, of occupational disability. This the Board did, when it heard the testimony of David Dobson, executive director of the Jewish Vocational Service in Lousiville. We have stated that

"[i]f the board finds that the workman is so physically impaired that he is not capable of performing any kind of work of regular employment, or if the board finds that regular employment in the kind of work the man can perform is not available on the local labor market, the man will be considered to be *totally* disabled." Osborne v. Johnson, Ky., 432 S.W.2d 800 (1968).

■ Thus even though appellant testified that he was sometimes capable of doing menial work for up to three or four hours per day in a liquor store, that job is certainly not regular employment within the meaning of Osborne v. Johnson, supra.

That part of the order of the circuit court which affirmed the dismissal of the Special Fund is affirmed; that part of the order of the circuit court which reversed the Board's finding that appellant is entitled to an open-end award is reversed.

Judgment is affirmed in part and reversed in part, with directions to enter a judgment in conformity with this opinion.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE, REED and STEINFELD, JJ., sitting.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE and REED, JJ., concurring.

STEINFELD, J., dissents from so much of the opinion as approves an award of *total* disability.