RENDERED:  JULY 16, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0257-WC

CROTHALL HEALTHCARE                                        APPELLANT

v.          PETITION FOR REVIEW OF A DECISION
          OF THE WORKERS' COMPENSATION BOARD
                    ACTION NO. WC-19-79578

CAROLYN ESTEPP;
HONORABLE PAUL L. WHALEN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                           APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

MAZE, JUDGE:  Crothall Healthcare (Crothall) petitions for review of an opinion

and order by the Workers' Compensation Board (Board) affirming an

administrative law judge's (ALJ) award of total disability benefits to Carolyn

Estepp (Estepp).  Crothall argues that the ALJ improperly relied on the impairment

rating assessed by Estepp's physician and that there was no substantial evidence supporting a finding that Estepp is totally disabled. We conclude that Crothall has failed to show that the ALJ misconstrued controlling authority or committed a flagrant error in assessing the evidence. Hence, we affirm.

Crothall provides cleaning services for the University of Kentucky (UK) Hospital. Beginning in 2017, Estepp was employed by Crothall in housekeeping at the Hospital. She also testified that she worked in housekeeping for UK from 1989 to 2014. Estepp testified that her job required changing bed linens, cleaning offices, cleaning patient rooms, mopping, dusting, cleaning windows (which required climbing on a step stool), bending, working on her hands and knees, as well as stooping (to clean baseboards and under beds).

On May 1, 2019, Estepp fell in a hallway in the basement of UK Hospital. She experienced immediate right leg pain after the fall and has since felt pain from her right hip to her right ankle. She first sought treatment at the UK Hospital emergency room, and then was next treated at Concentra and the UK Clinic.

Following the insurer's initial denial of her claim, Estepp filed a Form 101 on June 7, 2019. In support of her claim, she filed medical records from UK Hospital, UK Clinic, and Concentra. Estepp also submitted the records and report of Dr. Frank Burke, Jr. (Dr. Burke), who evaluated Estepp on August 26, 2019. He

noted Estepp's May 1, 2019, fall at work. She reported experiencing immediate right hip and knee pain. Dr. Burke diagnosed a right distal femoral fracture extending intraarticularly into the right knee. He determined she had not reached maximum medical improvement ("MMI"); therefore, he could not assess an impairment rating pursuant to the 5th Edition of the American Medical Association, *Guides to the Evaluation of Permanent Impairment* ("AMA *Guides*"). He noted additional diagnostic studies were indicated.

Dr. Burke again evaluated Estepp on December 2, 2019. He found she had reached MMI. He stated she has chronic right knee pain and has a mild limp. Based upon loss of motion in her right hip and right knee, along with pain and her limp, he assessed a 13% impairment rating pursuant to the AMA *Guides*. Dr. Burke noted recommended that Estepp should undergo a work hardening rehabilitation program. He also recommended she avoid repeated squatting or ladder/stepstool climbing.

Dr. Ellen Ballard (Dr. Ballard) evaluated Estepp at Crothall's request on January 28, 2020. She noted Estepp has not worked since her May 1, 2019, injury. Dr. Ballard stated Estepp could fully squat, and had normal right hip, knee, and ankle range of motion. She diagnosed a history of a non-displaced femur fracture. She also noted Estepp's history of a 2019 cholecystectomy with a cancer diagnosis. Dr. Ballard assessed a 2% impairment rating pursuant to the AMA

*Guides* for Estepp's ongoing pain stemming from her injury. Dr. Ballard disagreed with Dr. Burke's impairment assessment, stating Estepp could return to work with no restrictions.

The ALJ rendered an opinion, award, and order on September 28, 2020, finding Estepp is permanently totally disabled due to her May 1, 2019, work injury. The ALJ reiterated this determination in an amended opinion, award, and order issued October 1, 2020. In pertinent part, the ALJ relied on the evaluation and impairment rating assessed by Dr. Burke. The ALJ noted Dr. Burke's assessment that Estepp walks with a limp, has to stop after a few steps, and is unable to stand for long periods of time. Based upon the required job duties of a housekeeper, as well as her age and educational background, the ALJ concluded that Estepp is unable to return to her position with Crothall or a similar position. The ALJ further found that Estepp is unable to return to any gainful employment. Therefore, the ALJ awarded total disability benefits based on the 13% impairment rating assessed by Dr. Burke. Because Estepp was already 71 years old, the award provided that benefits will continue for as long as she is totally disabled, or until four years after the date of injury. KRS[1] 342.730.

Crothall filed a motion to re-open to allow the submission of additional evidence. Crothall also filed a petition for reconsideration. The ALJ

---

[1] Kentucky Revised Statutes.

entered orders denying these motions on October 26 and October 27, 2020. The Board affirmed the award, concluding that the ALJ did not clearly err in relying on the impairment rating assessed by Dr. Burke. The Board also determined that the ALJ appropriately analyzed and applied the required factors in determining that Estepp is permanently and totally disabled. Crothall now petitions for review of this decision.

The function of this Court's review of the Board is to correct the Board only where the Court perceives that the Board has overlooked or misconstrued controlling statutes or precedent or committed an error in assessing the evidence so flagrant as to cause gross injustice. *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). "To properly review the Board's decision, this Court must ultimately review the ALJ's underlying decision. Where the ALJ has found in favor of the party who had the burden of proof, this Court must determine whether the ALJ's findings were supported by substantial evidence." *Abbott Laboratories v. Smith*, 205 S.W.3d 249, 253 (Ky. App. 2006) (citing *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986)). Substantial evidence is "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable [people]." *Id.* (quoting *Smyzer v. B.F. Goodrich Chemical Co.*, 474 S.W.2d 367, 369 (Ky. 1971)). And, as the fact-finder, the ALJ, not this Court or the Board, has "sole discretion to determine the

quality, character, and substance of the evidence." *Id.* Not only does the ALJ weigh the evidence, but the ALJ may also choose to believe or disbelieve any part of the evidence, regardless of its source. *Id.*

Crothall primarily argues that Dr. Burke's impairment rating was inconsistent with the AMA *Guides*. Crothall focuses on Dr. Ballard's criticism of Dr. Burke's report. In particular, Dr. Ballard stated that Dr. Burke's assessment of a 13% impairment rating was inconsistent with the diagnosis of a minimally-displaced fracture. She opined that,

> [t]here is no reason for this patient to have any type of impairment based on range of motion of her hip, as her hip was not involved, and what [Dr. Burke] described as her left knee having a 5-degree flexion contracture with flexion to 105 degrees, whereas with the motion that I tested, she had -5 to 130 degrees bilaterally, and this is not abnormal.

Crothall contends that the ALJ improperly relied on Dr. Burke's impairment rating without providing a sufficient explanation as to why he selected this rating. We agree with Crothall that an ALJ cannot choose to give credence to an opinion of a physician assigning an impairment rating that is not based upon the AMA *Guides*. *Jones v. Brasch-Barry Gen. Contractors*, 189 S.W.3d 149, 153 (Ky. App. 2006). "In other words, a physician's latitude in the field of workers' compensation litigation extends only to the assessment of a disability rating

percentage within that called for under the appropriate section of the AMA *Guides*." *Id.*

But in this case, neither Crothall nor Dr. Ballard identified how Dr. Burke's impairment rating was inconsistent with the AMA *Guides*. As the Board noted, there is no evidence in the record that either impairment rating was incorrectly calculated pursuant to the AMA *Guides*, only that Dr. Burke and Dr. Ballard based their ratings on different factors. Under the circumstances, we cannot find that the ALJ erred by relying on Dr. Burke's impairment rating.

Crothall also argues that there was no substantial evidence to support the ALJ's finding that Estepp is totally disabled. Crothall points to Dr. Burke's assessment that she would be permitted to return to work with restrictions on avoiding ladders and stepstools and squatting repeatedly. Crothall contends that there are other positions at which Estepp could work subject to these restrictions.

In rejecting this argument, the Board noted the applicable standard to determine total disability.

> We next note permanent total disability is defined as the condition of an employee who, due to an injury, has a permanent disability rating and has a complete and permanent inability to perform any type of work because of an injury. KRS 342.0011(11)(c). "Work" is defined as providing services to another in return for remuneration on a regular and sustained basis in a competitive economy. KRS 342.0011(34). In determining Estepp is permanently totally disabled, the ALJ was required to perform an analysis pursuant to *City*

*of Ashland v. Taylor Stumbo*, 461S.W.3d 392 (Ky. 2015), and *Ira A. Watson Department Store v. Hamilton*, [34 S.W.3d 48 (Ky. 2000)]. We additionally note, as Estepp cited, an injured worker's testimony may be considered and relied upon when assessing total disability. *Walker v. Product Finishers*, 505 S.W.2d 178 (Ky. 1974), *Hush v. Abrams*, 584 S.W.2d 48 (Ky. 1979).

We find the ALJ appropriately analyzed and applied the required factors set forth in *City of Ashland v. Stumbo*, *supra*, and *Ira A. Watson Department Store v. Hamilton*, *supra*, in finding Estepp is permanently totally disabled. The ALJ explained the five-step process required to support a determination of permanent total disability. The ALJ found Estepp sustained compensable work-related injuries. He next determined Estepp has a 13% impairment rating based upon Dr. Burke's assessment. The ALJ could reasonably infer this as a basis for assessing whether Estepp is disabled. The ALJ next determined Estepp is unable to perform any of her past work. He specifically noted the limitations specified by Dr. Burke, and Estepp's own ability assessment. The ALJ also noted Estepp's lack of education. The ALJ also observed Crothall required Estepp to complete a job application before she could return to work, which he reasonably assumed indicated she may not be re-hired. We acknowledge Crothall's assertion of numerous jobs that Estepp could perform. However, the record is bereft of any evidence supporting this assertion. Based upon the evidence, the ALJ determined Estepp's inability to work is due to the residual limitations from her work injuries.

We determine the ALJ appropriately outlined the steps necessary, and the evidence he relied upon in reaching his determination Estepp is permanently totally disabled. The ALJ properly analyzed the claim, and his decision falls squarely within his discretion. Therefore, his determination on this issue will also remain undisturbed.

We agree with the Board that Crothall fails to show that the ALJ misapplied the factors set out in *City of Ashland v. Stumbo*, *supra*, and *Ira A.Watson Dep't Store v. Hamilton*, *supra*. Likewise, Crothall does not show that those factors would compel a finding other than total disability. Therefore, we agree with the Board that there is no basis to disturb the ALJ's determination.

Accordingly, we affirm the February 5, 2021, opinion of the Board affirming the ALJ's opinion and award rendered on September 28, 2020, and the amended opinion and award issued on October 1, 2020.

ALL CONCUR.

BRIEF FOR APPELLANT:

David D. Black
Louisville, Kentucky

BRIEF FOR APPELLEE CAROLYN ESTEPP:

Timothy J. Wilson
Lexington, Kentucky