B.L. RADDEN & SONS, INC., Appellant,

v.

Wayne COPLEY, Special Fund, and Willard B. Paxton, Administrative Law Judge, Appellees.

No. 94–CA–0034–WC.

Court of Appeals of Kentucky.

Jan. 13, 1995.

John V. Porter, J.K. Wells, Wells, Porter & Schmitt, Paintsville, for appellant.

Robert G. Miller, Jr., Perry & Preston, Paintsville, for appellee, Wayne Copley.

Joel D. Zakem, Louisville, Glina R. Bryant–Lentz, Frankfort, for Special Fund.

Before EMBERTON, HUDDLESTON and McDONALD, JJ.

McDONALD, Judge.

█ The appellant/employer, B.L. Radden & Sons, Inc., has raised both a substantive and a procedural issue for our review of the Workers' Compensation Board's (board's) opinion which reversed the dismissal by the administrative law judge (ALJ) of the appellee's claim. The sole basis for the dismissal was attributable to the claimant's failure to

submit to a medical examination. We have no hesitation to hold that the board correctly concluded that the penalty for failing to appear for a scheduled medical exam is not dismissal of one's claim. KRS 342.205(3) specifically provides the following penalty under these circumstances:

> If an employee refuses to submit himself to or in any way obstructs such examination his right to take or prosecute any proceedings under this chapter shall be suspended until the refusal or obstruction ceases. No compensation shall be payable for the period during which the refusal or obstruction continues.

Certainly placing the case in abeyance and ordering the cessation of temporary benefits, if any, are the only appropriate sanctions available to the ALJ for a claimant's failure to appear at a scheduled medical exam.

The appellant insists that the board's opinion must be reversed and the ALJ's dismissal reinstated as the claimant's appeal to the board was not timely taken. In considering this issue, it is necessary to refer to the following steps taken by the parties:

> December 17, 1992: Appellee, Wayne Copley, filed form 101, Application for Adjustment of Claim;

> April 16, 1993: Employer filed motion to hold case in abeyance for failure of Copley to appear at an evaluation with Dr. Granacher on April 14;

> April 20, 1993: Copley responded that he had no objection to the case being held in abeyance;

> April 26, 1993: The Special Fund moved to dismiss Copley's claim for failure to prosecute;

> April 27, 1993: Employer moved to dismiss the claim for failure of Copley to appear at an evaluation scheduled with Dr. Maffly on April 22;

> May 4, 1993: Copley responded to the motion to dismiss, explaining his failure to keep doctors' appointments and stating his intent to keep future appointments;

> May 11, 1993: The ALJ entered his order holding the case in abeyance until Copley appears for a medical exam;

> May 24, 1993: The ALJ entered another order dismissing the claim and ordering Copley to pay for the cost of the missed evaluations;

> July 1, 1993: Copley moved for leave to file an amended form 101;

> July 6, 1993: The appellant responded that the claimant's motion should be dismissed as the case had already been dismissed;

> July 7, 1993: Copley moved to set aside the May 24th order dismissing as he had not received the order nor had any knowledge of the dismissal until receiving the employer's response to his motion to amend form 101;

> July 19, 1993: The ALJ filed his order granting motion to amend form 101.

> July 22, 1993: The appellant petitioned the ALJ for reconsideration of his July 19th order arguing that Copley's motion to set aside the dismissal was untimely;

> July 29, 1993: Copley responded to appellant's petition for reconsideration;

> September 22, 1993: The ALJ filed his order setting aside his order of July 19 for lack of jurisdiction;

> September 27, 1993: Copley filed his notice of appeal to the board.

Obviously Copley's July 7th motion to set aside the May 24th order of dismissal fell outside the time limits for either a petition for reconsideration or a notice of appeal. KRS 342.281 (petitions for reconsideration may be filed "within fourteen (14) days from the date of the award"); 803 KAR 25:0011 § 12 (notice of appeal must be filed "within thirty (30) days after the date of filing of a written opinion, order or decision finally adjudicating a case . . ."). In its opinion, however, the board did not address the jurisdictional issue except to note that Copley did not receive the order dismissing his claim and understood "the status of the case was that it was still in abeyance. . . ." A majority of the board held that the ALJ erred in creating a new penalty for failure to attend a medical exam and remanded the matter to the ALJ for further proceedings including a ruling on the Special Fund's motion to dis-

miss. Board Member Turner dissented, opining that the appeal was untimely.

We agree with the appellant that failure to timely file a notice of appeal from an ALJ's final order is fatal to the action. "When grace to appeal is granted by statute, a strict compliance with its terms is required." *Board of Adjustments of the City of Richmond v. Flood,* Ky., 581 S.W.2d 1, 2 (1979). *See also, Frisby v. Board of Education of Boyle County,* Ky.App., 707 S.W.2d 359 (1986). Recently in *Workers' Compensation Board v. Siler,* Ky., 840 S.W.2d 812 (1992), the suggestion that the doctrine of substantial compliance should be applied to the filing of a notice of appeal was soundly rejected. However, we believe the board was correct in reversing the dismissal of Copley's claim, as the record does not reflect that Copley was notified of the order dismissing his claim. In fact, the order contains no certification by the ALJ that it was mailed to anyone. Any right to appeal would be totally meaningless without notice of the event triggering the time to take the appeal. The regulation, 803 KAR 25:0011 § 10(6)(a), requires the ALJ to serve his written opinion on the parties when filed for the obvious reason that the parties' rights are critically affected by the filing of the order or opinion disposing of the case. Since the record is devoid of any indication the ALJ complied with the notice requirement, the claimant's petition to set aside the dismissal was not untimely.

Accordingly, the opinion of the Workers' Compensation Board is affirmed.

All concur.