**KI USA CORP., Appellant,**

v.

**Roy HALL; Robert L. Whittaker, Director of Special Fund; and Workers' Compensation Board, Appellees.**

**No. 99–SC–0200–WC.**

Supreme Court of Kentucky.

Oct. 21, 1999.

Patrick J. Murphy, Lexington, for Appellant.

Rickey D. Bailey, McKinley Morgan, Manchester, for Appellee Hall.

David W. Barr, Labor Cabinet—Special Fund, Louisville, for Appellee Whittaker.

## OPINION OF THE COURT

This workers' compensation appeal concerns whether an award of interlocutory temporary total disability (TTD) benefits by an arbitrator constitutes a "benefit review determination" which becomes a "final order" and is enforceable pursuant to KRS 342.305 unless it is appealed within 30 days. KRS 342.270(4) and (5); KRS 342.275(1); 803 KAR 25:010, Sections 8, 11–13.

On June 5, 1997, claimant filed an application for workers' compensation benefits in which he alleged a work-related back injury of March 21, 1995. The parties stipulated that claimant sustained a work-related injury on March 30, 1995, and that voluntary TTD benefits were paid from March 31, 1995, through June 18, 1995, at the rate of $373.35 per week. Claimant's medical expenses also were paid. Claimant returned to work at the same wage. He did not miss work due to the injury thereafter until shortly before the September 4, 1997, benefit review conference.

Claimant filed a medical report by Dr. McAllister, and the employer submitted claimant's medical records from Drs. Kiefer, Brooks, and Gilbert. Stipulations by the parties on September 4, 1997, indicated that the issues to be resolved were the extent and duration of disability and TTD. The stipulations of contested issues did not include the question of work-relatedness, although that had been the employer's initial basis for resisting the claim.

A post-conference "Order in Lieu of Benefit Determination" by the arbitrator indicated that the claim was colorable but that claimant was totally disabled at the time of the conference and had not yet reached maximum medical improvement (MMI). For that reason, the claim for permanent occupational disability was placed in abeyance until claimant reached MMI or returned to work, at which time

either party could move to reactivate it. Based upon the employer's wage records, the arbitrator ordered the payment of TTD benefits at the rate of $415.94 per week rather than $373.35. The arbitrator also ordered interlocutory TTD benefits to commence on September 4, 1997, and to continue "until further order." The employer was ordered to pay "all reasonable and necessary medical expenses."

In denying the employer's petition for reconsideration or for assignment of the claim to an ALJ, the arbitrator amended the earlier order to require claimant to report on his condition within 60 days. The employer's subsequent petition to have the interlocutory TTD award reviewed by an ALJ was dismissed as having been brought from a non-final, non-appealable order. In a two-to-one decision, the Workers' Compensation Board (Board) dismissed the employer's appeal. Board-member Lovan dissented based upon the belief that because TTD is a benefit, the award of TTD constituted a benefit review determination which was appealable. The Court of Appeals agreed with the majority view, however, and dismissed the employer's appeal. This appeal followed.

As noted by the Court of Appeals, the December 12, 1996, amendments to the Workers' Compensation Act were significant. KRS 342.270 makes it apparent that the legislature attempted to expedite the processing of claims and to encourage informal resolution. KRS 342.270(1) requires workers to join all known causes of action against the employer, an apparent attempt to discourage piecemeal litigation. KRS 342.270 also provides:

> (4) Except where compelling circumstances justify delay and except [when a claim is transferred to an ALJ], the arbitrator shall render a written determination upon all matters at issue within ninety (90) days of the assignment of the claim. Through written order, the arbi-

trator may grant or deny any benefit afforded by this chapter, including interlocutory relief.

> (5) Unless timely appeal is filed as set forth in KRS 342.275, the written determination of the arbitrator shall be a final order enforceable under the provisions of KRS 342.305.

KRS 342.275(1) provides, in part, that within 30 days after a "benefit review determination" is filed with the commissioner, any party may appeal that determination by filing a request for a hearing before an ALJ.

As effective July 17, 1997, Section 8 of 803 KAR 25:010 pertains to benefit review before an arbitrator. It indicates that the arbitrator may discuss voluntary resolution of the claim with the parties by telephone or in a "benefit review conference" which it describes as an "informal proceeding" at which no transcript or recording is to be made. It also indicates that a benefit review determination sets forth matters stipulated, matters denied, findings of fact, and conclusions of law.

Section 11 of the regulation pertains to interlocutory relief and permits the payment of TTD, medical, or rehabilitation benefits "pending a final decision on the application."

Section 12 of the regulation pertains to appeals to ALJs from benefit review determinations. It provides:

> (1) Within thirty (30) days after the date of the filing of a written benefit review determination or ruling on petition for reconsideration from that benefit review determination by an arbitrator, any parties aggrieved by the determination may appeal to an administrative law judge.[1]

Section 13 pertains to appeals to ALJs from final orders. It provides:

> (1) Within thirty (30) days after a final order of an arbitrator other than a benefit review determination or ruling on a

---

1. Effective July 13, 1998, this regulation was amended to add the following: "No appeal shall be taken from a written benefit review determination that does not grant or deny the ultimate relief sought as to all parties without the need for further steps to be taken."

petition for reconsideration from that benefit review determination, any party aggrieved by the order may file a "Request for De Novo Review by an Administrative Law Judge." As used in this section "final order" means one that grants or denies the ultimate relief sought as to all parties without the need for further steps to be taken.

■ We begin by noting that KRS 342.0011 does not define the terms "interlocutory," "final order," or "benefit review determination," nor does KRS 342.270 or KRS 342.275. The definition of "final order" which is contained in 803 KAR 25:010, Section 13, indicates that it is limited to that section, although it was incorporated into Section 12 of the regulation in July, 1998. We note that the definition employed in the regulation is consistent with *Black's Law Dictionary* (Fifth Edition) which defines the term "interlocutory" as: "Provisional; interim; temporary; not final." It defines the term "final order" as: "One which terminates the litigation between the parties and the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." As a general rule, an interlocutory order may not be appealed unless it operates to divest a party of some right in such a manner as to put it out of the power of the court to place the parties in their original condition. *Ratliff v. Fiscal Court of Caldwell County, Kentucky*, Ky., 617 S.W.2d 36 (1981).

Although an order awarding interlocutory TTD benefits may logically be considered a determination concerning a benefit, we are not persuaded that the legislature intended for such an order to be encompassed within the term "determination," as used in KRS 342.270(4) and (5), or within the term "benefit review determination," as used in KRS 342.275(1). We note that KRS 342.270(4) contains two sentences. The first sentence contemplates a "written determination of all matters at issue." The second sentence indicates that an arbitrator has the authority to grant or deny,

"[t]hrough written order," any benefit afforded by Chapter 342, including interlocutory relief. Clearly, the order which this employer attempts to appeal did not resolve "all matters at issue" and did not divest the employer of a right in such a manner that the parties could not later be placed in their original condition.

■ In *Ramada Inn v. Thomas*, Ky., 892 S.W.2d 593 (1995), we adopted the view set forth in *Transit Authority of River City v. Saling*, Ky.App., 774 S.W.2d 468 (1989), and rejected the view that an award of interlocutory TTD benefits was final and appealable. Interlocutory awards are appropriate only in instances where the affected individual "will suffer irreparable injury, loss or damage pending a final decision on the application." 803 KAR 25:010, Section 11(3). TTD exists only until a worker's condition stabilizes so that the extent and duration of any permanent occupational disability can be determined, and KRS 342.730(1)(b) contemplates that periods of TTD may occur within a period of permanent, partial disability. See *W.L. Harper Construction Co., Inc. v. Baker*, Ky.App., 858 S.W.2d 202 (1993). It is also possible that multiple periods of TTD within the period of permanent, partial disability would affect the extent of a worker's permanent occupational disability. Because interlocutory TTD awards are not final and appealable, it is the responsibility of the arbitrator or ALJ to be certain that the status of the recipient is closely monitored and that a final resolution of the claim is reached as soon as the worker's permanent occupational disability can be assessed. The regulations governing interlocutory relief take this into account. See 803 KAR 25:010, Section 11(4).

In the instant case, claimant was ordered to report on his status within 60 days, an apparent attempt by the arbitrator to monitor his condition. As was recognized by the Court of Appeals, an employer is not without recourse in instances where an unscrupulous individual attempts to circumvent the purpose of regular sta-

tus reports. 803 KAR 25:010, Section 11(4) permits a claim to be reactivated and interlocutory relief to be terminated upon a motion and a showing of cause. See also, *B.L. Radden & Sons, Inc. v. Copley*, Ky.App., 891 S.W.2d 84 (1995). 803 KAR 25:010, Section 8(7) permits an employer to move to have a claim transferred to an ALJ. 803 KAR 25:010, Section 9(2) permits an employer to move for a university medical evaluation.

In view of the foregoing, we are persuaded that the conclusion which we reached in *Ramada Inn v. Thomas* remains valid after the December 12, 1996, amendments to the Act. We conclude that a "benefit review determination" is a written document which resolves "all matters at issue" with regard to a particular claim and, therefore, does not include an interlocutory award of TTD. KRS 342.270(4). An arbitrator's order granting interlocutory benefits is not a "final order" as defined in 803 KAR 25:010, Section 13(1) and, therefore, may not be directly appealed to an ALJ.

The decision of the Court of Appeals is hereby affirmed.

All concur.