**Jeff JONES, Appellant,**

v.

**BRASCH–BARRY GENERAL CONTRACTORS; Honorable Bonnie Kittinger, Administrative Law Judge; Workers' Compensation Board, Appellees.**

No. 2004–CA–000730–WC.

Court of Appeals of Kentucky.

March 10, 2006.

W. Kenneth Nevitt, Louisville, KY, for appellant.

Walter E. Harding, Louisville, KY, for appellee Brasch–Barry General Contractors.

Before BARBER, McANULTY, and MINTON, Judges.

## OPINION

MINTON, Judge.

This case comes to us on remand from the Kentucky Supreme Court.[1] In light of the Supreme Court's opinion and upon review of the record, we conclude that the Workers' Compensation Board correctly found that the decision of an Administrative Law Judge finding Jeff Jones to be twenty-six percent disabled was not supported by substantial evidence. Thus, we affirm.

As related by the Kentucky Supreme Court, the pertinent facts are as follows:

On April 14, 2000, Jeff Jones suffered a back injury in the course of his employment with Appellant. Soon thereafter, Jones sought medical attention and filed for workers' compensation benefits. During a hearing to determine the extent of these benefits, medical evidence was introduced before Bonnie Kittinger, an administrative law judge ("ALJ"). The medical evidence consisted of testimony and/or reports from three doctors regarding the extent of Jones' workplace injury. Two of the doctors determined that Jones' condition qualified as a "DRE lumbar Category III" disability under the American Medical Association's Guides to the Evaluation of Permanent Impairment, Fifth Edition ("AMA Guides"). As a "Category III" disability, Jones' impairment rating could range between ten and sixteen percent (10–16%). These doctors assessed Jones at ten percent (10%) permanent impairment. One of the doctors, Dr. Gary Reasor, determined that Jones' condition qualified as a "DRE lumbar Category IV" disability under the AMA Guides. A "Category IV" disability would allow an impairment rating for Jones between twenty and twenty-six percent (20–26%). Dr. Reasor assessed Jones at twenty-six percent (26%) permanent impairment.

During cross-examination, Dr. Reasor conceded that Jones did not meet the textbook definition for a "Category IV" disability under the AMA Guides, but rather, his condition fell within the parameters of a "Category III" disability.

1. *Brasch–Barry General Contractors v. Jones,* 175 S.W.3d 81 (Ky.2005).

However, Dr. Reasor maintained his conclusion of twenty-six percent (26%) total impairment for Jones, explaining that the category definitions in the AMA Guides are meant to be used solely as the name of the text implies, as a guide. He further surmised that the category definitions were perhaps flawed or incomplete in this instance. From this testimony, the ALJ made the following finding:

Despite persistent and skillful cross-examination by the Defendant, Dr. Reasor steadfastly maintained that Plaintiff's permanent impairment was 26%. He insisted that the AMA *Guides* are only that, guidelines, not final authority. The ALJ, as a finder of facts, must depend on interpretation of the *Guides* by a medical professional. Based on Dr. Reasor's medical reports and deposition testimony, Plaintiff is found to have a 26% permanent impairment as the result of his work injury on April 14, 2000.

Without filing a petition for rehearing, Appellant appealed directly to the Board pursuant to KRS [Kentucky Revised Statutes] 342.285. The Board ruled that in order to comply with KRS 342.730(1)(b), impairment ratings must be determined in accordance with the category definitions contained in the AMA Guides. Since Dr. Reasor failed to base his impairment rating on the category definitions contained in the AMA Guides, the Board held that his finding of twenty-six percent (26%) permanent impairment was not, as a matter of statutory law, supported by substantial evidence. Based on this analysis, the ALJ's finding of twenty-six percent (26%) impairment was reversed and the case was remanded back to the ALJ for a determination which was consistent with the Board's opinion.

Pursuant to KRS 342.290, Jones appealed the Board's decision to the Court of Appeals. Finding "the issue on appeal in this case [to be] of a completely factual nature," the Court of Appeals reversed the Board's decision because it determined that the issue was ultimately unpreserved for review.... Because we find the Board's ruling to pertain to a question of law and not fact, we reverse the Court of Appeals' decision and remand for further proceedings.[2]

■ The question before us on remand is whether the Board's decision to reverse the ALJ's impairment determination was correct. It is well-established that our function in workers' compensation cases "is to correct the Board only where the ... Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice."[3]

■ Clearly, the ALJ is the sole, undisputed finder of fact in workers' compensation cases, meaning that the ALJ alone "has the authority to determine the quality, character[,] ... substance[,]"[4] and weight of the evidence presented, as well as the inferences to be drawn from the evidence.[5] Thus, the ALJ "may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof."[6] Ac-

2. *Id.* at 82–83.

3. *Western Baptist Hospital v. Kelly,* 827 S.W.2d 685, 687–688 (Ky.1992).

4. *Paramount Foods, Inc. v. Burkhardt,* 695 S.W.2d 418, 419 (Ky.1985).

5. *Miller v. East Kentucky Beverage/Pepsico, Inc.,* 951 S.W.2d 329, 331 (Ky.1997).

6. *Magic Coal Co. v. Fox,* 19 S.W.3d 88, 96 (Ky.2000).

cordingly, given our limited scope of review, this Court may not "substitute its judgment" for that of the ALJ, nor may we render our own findings or direct the findings or conclusions the ALJ shall make.[7] As Jones was successful before the ALJ, the ultimate question before us is whether the ALJ's decision is supported by substantial evidence.[8]

The crux of Jones's argument is that the Board erred in reversing the ALJ because the ALJ's decision that he is twenty-six percent occupationally disabled is supported by substantial evidence in the form of Dr. Reasor's findings. But since Dr. Reasor's findings are not in accordance with the AMA Guides, we disagree with Jones's contention that those findings constitute substantial evidence.

 A claimant found to have a compensable, permanent partial disability receives workers' compensation benefits based on the percentage of the employee's disability assessed by the ALJ in accordance with the AMA Guides.[9] Thus, the AMA Guides are an indispensable tool utilized by an ALJ to determine the nature and severity of any claimant's injuries. In the case at hand, two physicians found that Jones suffers from a "Category III" impairment under the AMA Guides; and only Dr. Reasor found that Jones suffered from a "Category IV" impairment. Thus, the ALJ's decision to find Jones twenty-six percent disabled rests solely upon Dr. Reasor's opinion.

As noted by the Board, Dr. Reasor's impairment rating "is a reflection of a personal [sic] desired outcome for the numerical percentage rather than an expert medical application of the definitions re-

flected within the categories of impairment [found in the AMA Guides]."[10] This inescapable conclusion is borne out by the fact that Dr. Reasor testified repeatedly in his deposition that Jones's impairment properly fell within the "strict definition" of Category III of the AMA Guides, not Category IV. We will not belabor this opinion by reprinting the lengthy excerpt of Dr. Reasor's opinion on this topic, especially in light of the fact that the Board has already done so on pages 5–12 of its opinion. Category III calls for an impairment range of ten to sixteen percent. Accordingly, Dr. Reasor's assignment of a twenty-six percent impairment rating for Jones was not in accordance with the strictures of the AMA Guides.

 We agree with Jones that the AMA Guides do not abrogate a physician's right to assess independently an individual's impairment rating. We also agree that if the physicians in a case genuinely express medically sound, but differing, opinions as to the severity of a claimant's injury, the ALJ has the discretion to choose which physician's opinion to believe. But an ALJ cannot choose to give credence to an opinion of a physician assigning an impairment rating that is not based upon the AMA Guides. In other words, a physician's latitude in the field of workers' compensation litigation extends only to the assessment of a disability rating percentage within that called for under the appropriate section of the AMA Guides. The fact-finder may not give credence to an impairment rating double that called for in the AMA Guides based upon the physician's disagreement with the disability percentages called for in the AMA Guides,

---

7. *Wolf Creek Collieries v. Crum,* 673 S.W.2d 735, 736 (Ky.App.1984).

8. *Id.*

9. *See* KRS 342.730(1); KRS 342.0011(35).

10. Board's opinion, p. 20.

which is precisely what Dr. Reasor did in the case at hand.

Under our law, the AMA Guides are an integral tool for assessing a claimant's disability rating and monetary award. So to be useful for the fact-finder, a physician's opinion must be grounded in the AMA Guides, meaning that a physician's personal antagonism toward the AMA Guides, such as that demonstrated by Dr. Reasor in this case, is legally irrelevant. And any assessment that disregards the express terms of the AMA Guides cannot constitute substantial evidence to support an award of workers' compensation benefits.

Therefore, Dr. Reasor's opinion that Jones is twenty-six percent disabled is not competent, substantial evidence because such a finding is greatly in excess of the express terms of the AMA Guides for the Category III injury Dr. Reasor found Jones to have. Since the Board found that the ALJ's decision was not supported by substantial evidence, it neither "overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." [11] Accordingly, the Board's decision to remand this case to the ALJ with instructions to select an impairment rating in accordance with Category III of the AMA Guides is affirmed.

ALL CONCUR.

11. *Western Baptist Hospital,* 827 S.W.2d at 687–688.