Christopher CUNNINGHAM, Appellant

v.

QUAD/GRAPHICS, INC.; Hon. Chris Davis, ALJ; and Workers' Compensation Board, Appellees

NO. 2016-CA-001485-WC

Court of Appeals of Kentucky.

JUNE 16, 2017; 10:00 A.M.

BRIEF FOR APPELLANT: Bradly Slutskin, Versailles, Kentucky.

BRIEF FOR APPELLEE: Jo Alice Van Nagell, Brian W. Davidson, Lexington, Kentucky.

BEFORE: KRAMER, CHIEF JUDGE; D. LAMBERT AND NICKELL, JUDGES.

## OPINION

KRAMER, CHIEF JUDGE:

An Administrative Law Judge (ALJ) for the Department of Workers' Claims entered an award of permanent partial disability benefits to Christopher Cunningham based in part upon an injury Cunningham sustained to his right shoulder while employed by Quad/Graphics, Inc. Cunningham appealed to the Workers' Compensation Board (Board) because he believed his award (which was based upon an 8% whole person impairment rating) was inadequate and based upon insufficient evidence. The Board affirmed, and this appeal followed. Finding no error, we likewise affirm.

■ An award of worker's compensation benefits must be based upon substantial evidence. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735, 736 (Ky. App. 1984). Boiled down, Cunningham's sole contention on appeal is that the opinion of the independent medical evaluator who arrived at the 8% whole person impairment rating—the rating ultimately utilized by the ALJ in calculating Cunningham's award—did not qualify as substantial evidence. As to why, Cunningham points out that the evaluator who rendered the opinion, Dr. Stacie Grossfeld,[1] utilized passive range of motion measurements rather than active range of motion measurements as part of her overall assessment of the impairment to his right shoulder. He argues the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, Fifth Edition ("AMA Guides"), required the evaluation of his right shoulder to be based *only* upon active range of motion measurements. As such, he reasons Dr. Grossfeld effectively disregarded the AMA Guides, and, consequently, the ALJ had no right to rely upon her opinion in determining his award.

■ An ALJ may not give credence to a physician's impairment rating if the rating is not based on the AMA Guides. *Jones v. Brasch–Barry Gen. Contractors*, 189 S.W.3d 149 (Ky. App. 2006). "[A]ny assessment that disregards the express terms of the AMA Guides cannot constitute substantial evidence to support an award of workers' compensation benefits." *Id.* at 154.

However, after considering Dr. Grossfeld's opinion and accompanying deposition testimony, the ALJ and Board both concluded that this case is not one where a physician directly *disregarded* the AMA Guides in arriving at an impairment rating. Both concluded this case concerns a medical expert's permissible *interpretation* and *application* of the AMA Guides. Upon review, we agree.

To be sure, the provisions of the AMA Guides cited in Dr. Grossfeld's opinion and at issue in this appeal call for "active" range of motion measurements derived from consistency tests. They begin with

---

1. Grossfeld is an orthopedic surgeon.

section 16.4i, which deals with evaluating shoulder motion impairment. On page 475, with respect to assessing flexion and extension, the first step of the evaluation is to "[m]easure the maximum active shoulder flexion and extension[.]" On page 476, with respect to assessing abduction and adduction, the first step is to "[m]easure the maximum ·active shoulder abduction and adduction[.]" On page 478, with respect to assessing internal and external rotation, the first step is to "[m]easure the maximum active shoulder internal and external rotation[.]" Lastly, with respect to motor strength, page 510 of the AMA guides, which is part of section 16.8c, calls for an assessment of "active range of motion," with added factors such as resistance.

Nevertheless, the AMA Guides acknowledge that the effectiveness and accuracy of these kinds of tests are subject to the conscious or subconscious processes of the individual being evaluated. For example, in section 16.8c, page 509, the text explains in relevant part:

Manual muscle testing assesses an individual's ability to move a joint through a full range of motion against gravity, or move it against additional resistance applied by the examiner, and/or hold the joint position against resistance. Manual muscle testing is subject to the individual's conscious or unconscious control. Individuals whose performance is inhibited by pain or fear of pain may not be good candidates for this testing. Results of strength testing should be reproducible on different occasions or by two or more trained observers.

Furthermore, one of the overall rules for evaluation set forth in the AMA Guides, specifically on page 19, is as follows:

2.5c Consistency

Consistency tests are designed to ensure reproducibility and greater accuracy.

These measurements, such as one that checks the individual's lumbosacral spine range of motion (Section 15.9) are good but imperfect indicators of people's efforts. The physician must use the entire range of clinical skill and judgment when assessing whether or not the measurements or tests results are plausible and consistent with the impairment being evaluated. *If, in spite of an observation or test result, the medical evidence appears insufficient to verify that an impairment of a certain magnitude exists, the physician may modify the impairment rating accordingly and then describe and explain the reason for the modification in writing.*

(Emphasis added.)

In light of the above, Cunningham's sole contention on appeal is without merit. If Dr. Grossfeld believed, in light of other medical evidence and in the exercise of her entire range of clinical skill and judgment, that Cunningham's measurements were implausible, indicative of poor effort, and insufficient to verify that an impairment of a certain magnitude existed, then Dr. Grossfeld was permitted to discount the active range of motion measurements she obtained from Cunningham and modify his impairment rating.

And here, Dr. Grossfeld testified she did exactly that. It is unnecessary to quote the extensive substance of Dr. Grossfeld's testimony to this effect because Cunningham does not challenge it; nor does he challenge that it adequately explained and justified her reasons for modifying his impairment rating from what he would have otherwise received from only an assessment of his active motion measurements. Moreover, Dr. Grossfeld's use of medical evidence she gleaned through passive range of motion measurements as one of her several bases for modifying Cunningham's impairment rating, as well as her

understanding that the AMA Guides permitted it, does not reflect that she disregarded the AMA Guides. Rather, it reflected her interpretation of the AMA Guides and her assessment of Cunningham's impairment, both of which are medical questions. *Lanter v. Ky. State Police*, 171 S.W.3d 45, 52 (Ky. 2005).

■ When the medical evidence is conflicting upon a medical question or issue, the ALJ, as fact finder, is vested with sole authority to judge the credibility of conflicting medical evidence. *Brown–Forman Corp. v. Upchurch*, 127 S.W.3d 615 (Ky. 2004); *Greene v. Paschall Truck Lines*, 239 S.W.3d 94 (Ky. App. 2007); *Jones*, 189 S.W.3d at 152. In this case, the ALJ properly exercised his authority as fact finder in relying upon the expert opinion of Dr. Grossfeld. Accordingly, the Board did not err by affirming the ALJ's award of permanent partial disability based upon an 8 percent impairment rating.

ALL CONCUR