RENDERED:  OCTOBER 30, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1849-WC

TRACTOR SUPPLY COMPANY                                APPELLANT


PETITION FOR REVIEW OF A DECISION
v.                    OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-17-79664


ROBERT ROBERTS; HON. GRANT
S. ROARK, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD                                    APPELLEES


OPINION
AFFIRMING

** ** ** ** **


BEFORE:  DIXON, GOODWINE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Tractor Supply Company (Tractor Supply) petitions this

Court to review an Opinion of the Commonwealth of Kentucky, Workers'

Compensation Board, (Board) affirming the Administrative Law Judge's (ALJ)

determination that Robert Roberts suffered from a 30 percent permanent partial disability caused by a work-related injury. We affirm.

Roberts was employed by Tractor Supply. On April 27, 2017, Roberts was working at Tractor Supply when a roll of wire fencing fell several feet and struck his head, neck, and right shoulder. As a result, Roberts filed a claim for workers' compensation benefits based upon right shoulder injury, cervical spine injury, and psychological injury. By Opinion, Order, and Award rendered June 17, 2019, the ALJ found that Roberts suffered a work-related injury to his cervical spine and right shoulder. The ALJ also found that Roberts suffered from a psychological work-related injury. The ALJ assessed a 20 percent impaired rating for the cervical spine and right shoulder injuries and a 10 percent impairment rating for the psychological injury, combined for a permanent partial disability of 30 percent. As to the cervical spine injury and right shoulder injury, the ALJ viewed the medical opinion of Dr. Robert Byrd persuasive. The ALJ also found that Roberts lacked the ability to return to the type of work he performed prior to his injury and, thus, applied the three multiplier set forth in Kentucky Revised Statutes (KRS) 342.730(1)(c)1.

Being dissatisfied with the ALJ's decision, Tractor Supply sought review with the Board.[1] The Board affirmed the ALJ's Opinion, Order, and Award. Tractor Supply then filed this appeal.

As an appellate court, our review of the Board's Opinion is limited. We merely review the Board's Opinion to determine whether it "overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). As a consequence, we necessarily review the ALJ's decision.

Tractor Supply contends that substantial evidence does not support the ALJ's findings that Roberts' cervical spine injury or right shoulder injury was work-related. In particular, Tractor Supply argues that the ALJ erroneously relied upon the medical opinion of Dr. Byrd. Tractor Supply maintains that Dr. Byrd's opinion was based upon an inaccurate medical history of Roberts. Tractor Supply points out that Roberts had undergone two prior shoulder surgeries, but Dr. Byrd was unaware of these prior surgeries. Citing to *Cepero v. Fabricated Metals Corporation*, 132 S.W.3d 839 (Ky. 2004) and similar cases, Tractor Supply argues

---

[1] Robert Roberts also sought review of the Administrative Law Judge's decision with the Commonwealth of Kentucky, Workers' Compensation Board (the Board). However, Roberts did not file an appeal from the Board's opinion.

that a physician's opinion based upon an inaccurate or incomplete patient history cannot constitute substantial evidence.

A review of Dr. Byrd's testimony does not provide a clear answer to the question of whether he was aware of Roberts' two prior shoulder surgeries. When questioned by Tractor Supply, Dr. Byrd seemed to indicate that he did not review the medical opinions of other physicians and was unaware of Roberts' two prior shoulder surgeries. However, in the same deposition, when questioned by Roberts, Dr. Byrd indicated that he "misspoke earlier" and that he simply failed to "list them [the medical reports from other physicians] in my report that I had reviewed them." Dr. Byrd's Deposition at 37.

It is generally within the sole providence of the ALJ to judge the credibility of conflicting evidence. *Brown-Forman Corp. v. Upchurch*, 127 S.W.3d 615 (Ky. 2004); *Jones v. Brasch-Berry Gen. Contractors*, 189 S.W.3d 149 (Ky. App. 2006). The ALJ may believe and disbelieve different portions of testimony from the same witness. *Caudill v. Maloney's Disc. Stores*, 560 S.W.2d 15, 16 (Ky. 1977). Nonetheless, the ALJ may not rely upon a physician's medical opinion where "it is irrefutable that a physician's history regarding work-related causation is corrupt due to it being substantially inaccurate or largely incomplete[.]" *Cepero*, 132 S.W.3d at 842 (citation omitted). Such a medical opinion cannot constitute substantial evidence. *Id.*

In this case, we simply cannot conclude that it is "irrefutable" that Dr. Byrd was unaware of Roberts' prior shoulder surgeries. As pointed out herein, Dr. Byrd's testimony upon this issue was conflicting. It was entirely within the province of the ALJ to accept as credible Dr. Byrd's testimony that he simply misspoke and that he had actually considered the reports from other physicians, including Roberts' prior shoulder surgeries. Accordingly, we conclude that the ALJ did not commit error by relying upon the medical opinion of Dr. Byrd.

Tractor Supply next asserts that the ALJ erred by utilizing the three multiplier set forth in KRS 342.730(1)(c)1.[2] In particular, Tractor Supply argues that the ALJ erroneously found that Roberts could not perform the type of work he performed prior to his injury. Tractor Supply asserts:

> All of the physicians recommended a return to regular work. There has been no specific restriction by any physician to medically keep him from his regular work.
>
> In terms of his future ability to work, a substantial amount of his past work has been in the sedentary to light, light medium categories. He drove a "Hi-Lo" at GM. He then worked for fourteen (14) years as a

---

[2] Kentucky Revised Statutes 342.730(1)(c)1 provides:

> If, due to an injury, an employee does not retain the physical capacity to return to the type of work that the employee performed at the time of injury, the benefit for permanent partial disability shall be multiplied by three (3) times the amount otherwise determined under paragraph (b) of this subsection, but this provision shall not be construed so as to extend the duration of payments[.]

manager for a mobile home park. At Tractor Supply, he did the same work as at GM. He certainly has the capacity to return to such work, earning a comparable salary to that which he has traditionally earned.

Tractor Supply's Brief at 13. As to application of the three multiplier, the Board particularly reasoned:

> We reject Tractor Supply's final argument the ALJ erred in enhancing Roberts' benefits by the three multiplier. Although Dr. Byrd recommended a return to work, he unequivocally opined Roberts "is not capable of maintaining his previous employment." Moreover, Roberts' testimony as recited herein establishes he is unable to return to the job he was performing at the time of the injury. When the issue is the claimant's ability to labor and the application of the three multiplier, it is within the province of the ALJ to rely on the claimant's self-assessment of his ability to perform his prior work. We have consistently held that it remains the ALJ's province to rely on a claimant's self-assessment of his ability to labor based on his physical condition. The ALJ's decision to apply the three multiplier pursuant to KRS 342.730(1)(c)1 is based on a determination that Roberts did not have the capacity to return to the type of work performed at the time of the injury and is supported by substantial evidence in the record in the form of Dr. Byrd's opinion and Roberts' testimony. . . .

Board's Opinion at 22-23 (citations omitted). We agree with the Board's reasoning and find no error therein. Thus, we conclude that the ALJ properly applied the three multiplier of KRS 342.730(1)(c)1.

For the foregoing reasons, the Opinion of the Workers' Compensation Board is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE ROBERT ROBERTS: |
|---|---|
| Walter E. Harding<br>Louisville, Kentucky | Thomas G. Polites<br>Lexington, Kentucky |