RENDERED:  SEPTEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0622-WC

MIZKAN AMERICA, INC.                                             APPELLANT


PETITION FOR REVIEW OF A DECISION
v.              OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-20-61494


MACK DYKES; HONORABLE
STEPHANIE KINNEY,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                           APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, DIXON, AND ECKERLE, JUDGES.

COMBS, JUDGE:  This is an appeal from a decision of the Workers'

Compensation Board (the Board).  The Appellant, Mizkan America, Inc. (Mizkan),

contends that the Board erred in affirming the decision of the Administrative Law

Judge (ALJ) awarding permanent partial disability (PPD) benefits, arguing that it

was based upon an impairment rating which fails to comply with the *AMA Guides*

*to the Evaluation of Permanent Impairment, Fifth Edition* (AMA Guides). Finding no error after our review, we affirm.

On December 23, 2021, the Appellee, Mack Dykes (Dykes), filed an Application for Resolution of Injury Claim/Form 101 against his employer, Mizkan. Dykes alleged an October 9, 2020, injury to his head, left hip, and back.[1]

The evidence was conflicting. Dykes filed the report of Dr. Tim Wilson, who conducted an independent medical examination (IME) on Dykes's behalf. History reflects that Dykes reported being injured at work on October 9, 2020. The head and hip resolved, but his back pain worsened and required treatment. Furthermore, Dykes had had a preexisting lumbar surgery in 2014 performed by Dr. Cannon.

With respect to the October 9, 2020, work accident, Dr. Wilson diagnosed "a worsening of a preexisting L5-S1 disc herniation with a prominent right paracentral component that was a change from the previous MRI." Dr. Wilson assigned a total 13% whole person impairment based upon Table 15-3, page 384, of the AMA Guides. He explained that Dykes had "a preexisting impairment based upon his prior back surgery using the range of motion [ROM] method with a surgically treated disk lesion without residual signs or symptoms

---

[1] Dykes subsequently amended his claim to include a psychological injury, which is not at issue on appeal.

which results in an 8% whole person impairment." Dr. Wilson subtracted Dykes's "8% preexisting impairment from his 13% current impairment" in order to arrive at the 5% whole person impairment, which he attributed to the October 9, 2020, work injury.

Mizkan filed the report of Dr. Thomas O'Brien, who conducted an IME on its behalf. Dr. O'Brien diagnosed "minor buttock contusions (bruises)" as a result of the subject work injury and opined that Dykes "retains a 0% permanent partial disability as a result of the minor self-limited contusions he sustained 10/09/2020." Mizkan also filed a supplemental report from Dr. O'Brien in which he took issue with Dr. Wilson's impairment rating because it "'mixed and matched' the Range of Motion Method and the DRE [Diagnosis-Related Estimate] method to arrive at his impairment. This methodology does not follow . . . the AMA Guides, Fifth Edition." According to Dr. O'Brien, "Mr. Dykes has a **preexisting** 13% permanent partial impairment to the whole person using Table 15-3 (384) of the AMA Guides (DRE Category III)." His current impairment is unchanged." (Emphasis added.)

On December 5, 2022, the ALJ rendered an Opinion, Award, and Order as follows:

> Dr. O'Brien concluded Dykes did not retain any permanent impairment due to the work injury. However, Dr. Wilson attributed 5% permanent impairment due to the work injury.

Mizkan argues the ALJ is "legally precluded" from assessing impairment for the physical injury. Essentially, Mizkan argues Dr. Wilson's assessment of impairment is not in accordance with the AMA Guides. This ALJ reviewed Dr. Wilson's impairment rating and it appears to be a reasonable assessment considering Dykes' increased objective lumbar findings. Thus, this ALJ finds Dykes retains 5% permanent impairment due to the work injury. Also, this ALJ finds Dr. Wilson's rating is grounded in the AMA Guides per Jones v. Brasch-Barry General Contractors, 189 S.W.3d 149 (Ky. 2006).

Mizkan petitioned for reconsideration and argued that the ALJ erred in awarding PPD benefits based upon Dr. Wilson's opinion.

By Order rendered on December 22, 2022, the ALJ denied Mizkan's petition. The ALJ explained that *Plumley v. Kroger, Inc.*, 557 S.W.3d 905 (Ky. 2018), holds that "strict adherence to the Guides is not required, only general conformity with them. Dr. Wilson clearly stated that his rating was issued per the 5th Ed. AMA Guides. Thus, his assessment was grounded in the Guides, which is all that is required."

Mizkan appealed to the Board, which affirmed by Opinion entered on April 26, 2023, as follows:

Here, Dr. Wilson stated Dykes' current impairment rating, based on the AMA Guides utilizing Table 15-3 on p. 384 is 13%. He noted a history of herniated disc with associated radiculopathy. Dr. O'Brien also assessed a 13% whole person impairment rating. Where the two physicians differ is whether Dykes suffered any work-related impairment. . . .

-4-

. . .

Fundamentally, Dr. Wilson believes Dykes suffered additional injury from the work event . . . . Dr. O'Brien believed the work event caused a minor buttock contusion.

"The proper interpretation of the Guides and the proper assessment of an impairment rating are medical questions." <u>Plumley v. Kroger, Inc.</u>, <u>supra</u>. . . .

An ALJ cannot utilize an impairment rating expressed in a medical opinion that is not based on the AMA Guides, however strict adherence to the AMA Guides is not required. <u>Plumley v. Kroger, Inc</u>., supra. The essential point is that assigning an impairment rating must be left to the physicians. The authority to select an impairment rating assigned by an expert medical witness rests with the ALJ. <u>Staples, Inc. v. Konvelski</u>, 56 S.W.3d 412 (Ky. 2001); [Kentucky Revised Statutes] KRS 342.0011.

Here, the two physicians expressed conflicting opinions regarding the degree of injury and the proper method to be utilized in assessing an impairment rating. Dr. Wilson explained he used the AMA <u>Guides</u> in assessing the impairment rating and described the changes he observed to Dykes' lumbar condition. The impairment rating found by the ALJ is supported by substantial evidence.

On appeal, Mizkan contends that the Board erred in affirming the

ALJ's award of PPD benefits based upon Dr. Wilson's impairment rating, alleging

that it failed to conform with the AMA Guides.[2]  Mizkan essentially reargues its

---

[2] We conclude that the issue is sufficiently preserved. As noted in the Introduction section of the ALJ's Opinion, Award, and Order, the issues preserved for adjudication include "proper use of AMA Guides . . . ."

-5-

case before us.  The standard of our review on appeal is well settled.  "The function of further review of the [Workers' Compensation Board] in the Court of Appeals is to correct the Board only where [this] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice."  *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

We perceive no such error.  *Plumley*, *supra*, upon which the Board and the ALJ relied, holds that strict adherence to the AMA Guides is not required:

> [T]he Court of Appeals [explained] in *Brasch-Barry* . . .
> "Under our law, the AMA Guides are an integral tool for
> assessing a claimant's disability rating and monetary
> award.  So to be useful for the fact-finder, a physician's
> opinion must be *grounded* in the AMA Guides . . . ."
>
> To be *grounded* in the *Guides* is not to require a
> *strict adherence* to the *Guides*, but rather a *general
> conformity* with them.

*Plumley*, 557 S.W.3d at 912 (italics original) (footnote omitted).

We agree with the Board's analysis.  The evidence was in conflict. As was her prerogative, the ALJ chose to rely upon Dr. Wilson, whose opinion constitutes substantial evidence to support the award.

Accordingly, we affirm the Opinion of the Workers' Compensation Board.

ALL CONCUR.

BRIEF FOR APPELLANT:

Joel E. Aubrey
Louisville, Kentucky

Christine M. Haunsz
Louisville, Kentucky

BRIEF FOR APPELLEE MACK
DYKES:

Timothy J. Wilson
Lexington, Kentucky