RENDERED:  JANUARY 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1201-WC

BELINDA TYGRETT                                                                    APPELLANT


PETITION FOR REVIEW OF A DECISION
v.        OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-19-00793


NORTON HEALTHCARE;
HONORABLE GRANT S. ROARK,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                                                     APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, LAMBERT, AND TAYLOR, JUDGES.

CETRULO, JUDGE:  Belinda Tygrett ("Tygrett") appeals from the Opinion and
Order of the Workers' Compensation Board (the "Board"), which affirmed the
Opinion and Order of the Administrative Law Judge ("ALJ").  Having reviewed
the record on appeal, we affirm.

# BACKGROUND

In February 2019, Tygrett began working for Norton Healthcare as a registered nurse in the emergency department. She testified that she was injured on March 24, 2019 while transporting a patient from the emergency department to a room. She completed her shift and did not seek immediate treatment. A few weeks later, she began treatment reporting "right hip pain for two weeks." She denied low back pain, and the only diagnosis in the medical records was right hip pain. However, she alleged in the Form 101[1] that she injured both her low back and hips/groin. Ultimately, in 2021, Tygrett underwent a right total hip replacement, which was considered work-related and compensable. Dr. Lawrence Schaper performed the hip replacement, and on November 4, 2021, he determined that she had reached maximum medical improvement ("MMI") from the hip injury. While she had other complaints that he felt were due to a lumbar problem, he did not state that those problems were related to the work accident.

However, in the intervening period and in an interlocutory decision, the ALJ had denied her claim for a low back injury. Thereafter, Tygrett presented additional evidence from an evaluating physician, Dr. Barefoot, who opined that the lumbar condition was also work-related. The employer presented additional evidence from its evaluating physician, Dr. Loeb, that the lumbar issues were

---

[1] The Form 101 is the initiating application to commence an injury claim.

degenerative and not work-related. The final and appealable opinion, award, and order was entered on January 6, 2023.

With regard to the low back claim, the ALJ found that no evidence presented since the interlocutory decision was so persuasive as to warrant overturning that decision. Rather, the ALJ found, "[Tygrett] has not carried her burden of proving her alleged lumbar condition is work-related and, in this regard, finds Dr. Loeb's opinions most persuasive." Thereafter, the ALJ entered orders on Tygrett's petitions for reconsideration, again confirming the dismissal of the low back claim, and addressing the MMI date for Tygrett as to her awarded benefits.

In her appeal to the Board, Tygrett asserted that the ALJ erred by finding that she did not sustain a work-related back injury; in determining the date of her MMI; and in failing to enhance her award of permanent partial disability ("PPD") benefits pursuant to Kentucky Revised Statute ("KRS") 342.730(1)(c)1. The Board, in a 25-page opinion issued on September 8, 2023, affirmed the ALJ on all issues. On further petition for review to this Court, Tygrett presents the same arguments.

**STANDARD OF REVIEW**

As our Supreme Court has recently reaffirmed, an appeal from the decision of an ALJ "is a matter of legislative grace" rather than a matter of right, as workers' compensation proceedings are administrative and a creature of statute.

*Lexington Fayette Urb. Cnty. Gov't v. Gosper*, 671 S.W.3d 184, 198-99 (Ky. 2023) (citing *B.L. Radden & Sons, Inc. v. Copley*, 891 S.W.2d 84, 86 (Ky. App. 1995)).

That statute, and specifically KRS 342.285, designates the ALJ as the finder of fact with the authority to determine the quality, character, and substance of the evidence presented. *Caudill v. Maloney's Disc. Stores*, 560 S.W.2d 15, 16 (Ky. 1977). Further, "an ALJ has sole discretion to decide whom and what to believe, and may reject any testimony and believe or disbelieve various parts of the evidence[.]" *Bowerman v. Black Equip. Co.*, 297 S.W. 3d 858, 866 (Ky. App. 2009) (citation omitted).

## ANALYSIS

Here, Tygrett argues that the ALJ "misinterpreted" the lay and medical evidence concerning the alleged back injury and contends that the Board erred in finding that there was insufficient evidence of a work-related back injury. Tygrett primarily asserts that there was no evidence of a previous back injury or symptoms before the March 2019 work event. Furthermore, she argues that there was at least a temporary back injury entitling her to temporary benefits. The Board addressed both of those claims, noting that because Tygrett was unsuccessful in meeting her burden regarding her alleged work-related low back injury, the question on appeal was simply whether the evidence "compelled" a different result. *See Wolf Creek Collieries v. Crum*, 673 S.W.2d 735, 736 (Ky. App. 1984).

Upon review of the voluminous medical evidence, it found that the record did not compel a different result.

As the Board noted below, there was no causal connection between the low back complaints and the work-related incident contained within the initial treatment records. While there was a subsequent medical report produced after the ALJ's interlocutory opinion and order that related the back complaints to the incident, the ALJ was not required to rely upon that report, in light of other conflicting medical opinions. When there is conflicting medical evidence, "the question of which evidence to believe is the exclusive province of the ALJ." *Square D Co. v Tipton*, 862 S.W.2d 308, 309 (Ky. 1993) (citation omitted). The ALJ's analysis of the experts' opinions, the testimony, and the medical records was very thorough. On appeal, Tygrett is simply asking this Court to substitute its interpretation of the evidence, which we cannot do. The ALJ and Board addressed all of the evidence and opinions and provided an explanation for its opinions.

In support of a temporary award for a back injury, Tygrett cites *Robertson v. United Parcel Service*, 64 S.W.3d 284 (Ky. 2001). *Robertson* does recognize that a worker may establish a temporary injury without a permanent harmful change that results in an award of permanent benefits. However, in *Robertson*, the ALJ concluded that the claimant suffered a work-related injury. *Id.* at 286. Here, as the Board noted, there was no determination of a work-related

back injury. Absent a finding that Tygrett sustained a work-related lumbar spine injury in March 2019, there was no basis to determine a temporary injury or "harmful change to the human organism[,]" as defined by the Workers' Compensation Act. KRS 342.0011(1). Tygrett had the burden to prove every element of her claim, including the allegation that she sustained a temporary work-related back injury. The ALJ determined that the incident did not cause a work-related injury and thus, *Robertson* was not applicable.

The second argument on appeal is that the ALJ erred in finding that Tygrett's MMI date was November 4, 2021. This date was given by Tygrett's own treating orthopedic surgeon, Dr. Schaper. Tygrett argues that Dr. Schaper's opinion regarding MMI only pertained to the hip injury, not the back injury. Tygrett also refers this Court to another doctor's opinion which concluded that she reached MMI on April 4, 2022. Again, however, the Board addressed this claim in its opinion, noting that Dr. Schaper did not believe the low back condition was work-related, but rather was due to degenerative disc disease. Since he did not relate that condition to the work incident, there was no need for him to assign a date for MMI as to the back. Further, the Board held "determinations pertaining to when a claimant attains MMI are solely within the purview of the ALJ." The ALJ has the discretion to decide which medical opinions to rely upon.

Under KRS 342.275, the ALJ is "empowered to function the same as a trial court trying a case without a jury." *See W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Our Court has long recognized "that the claimant bears the burden of proof . . . before the fact-finder with regard to every element of a workers' compensation claim." *Magic Coal Co. v. Fox*, 19 S.W.3d 88, 96 (Ky. 2000) (citations omitted). The opinion of Dr. Schaper provided substantial evidence to support the ALJ's finding of MMI, and we affirm the Board on this issue as well. *See Jones v. Brasch-Barry Gen. Contractors*, 189 S.W.3d 149 (Ky. App. 2006).

Lastly, Tygrett argues that the ALJ, and then the Board, erred by failing to enhance her PPD benefits via the three-multiplier. KRS 342.730(1)(c)1. That statute provides that if, due to a work-related injury, an "employee does not retain the physical capacity to return to the type of work that the employee performed at the time of injury, the benefit for [PPD] shall be multiplied by three (3) times[.]" *Id.*

> This provision is intended to compensate an injured worker who has a permanent alteration to [her] ability to labor and earn money due to [her] injury. The determination of both the permanence of an employee's injury and the effect of that injury on the employee's capacity to return to work is made by the ALJ based on the evidence presented.

*Apple Valley Sanitation, Inc. v. Stambaugh*, 645 S.W.3d 434, 438-39 (Ky. 2022) (citation omitted).

Here, Dr. Schaper, Tygrett's own treating orthopedic physician, did not believe that she was unable to return to work due to her hip replacement. Tygrett had in fact returned to work in a nursing position with no restrictions due to her hip injury. We incorporate the Board's reasoning on this issue, as follows:

> In accordance with the discretion afforded him, the ALJ chose to rely on Dr. Schaper's opinion in resolving this issue. Even though the record contains evidence favorable to Tygrett on this issue, including Tygrett's testimony regarding her current symptoms and ability to work and Dr. Barefoot's opinions as set forth in his April 19, 2022, IME [independent medical evaluation] report, this is not a sufficient basis for reversal of the ALJ's decision. Where there is conflicting medical evidence, the question of which evidence to believe is within the exclusive province of the ALJ. *Pruitt v. Bugg Bros.*, [547 S.W.2d 123 (Ky. 1977)]*; Square D Co.* [, 862 S.W.2d 308]. Because Dr. Schaper's testimony constitutes substantial evidence supporting the ALJ's ultimate conclusion regarding the applicability of the three-multiplier, we are without authority to disturb his conclusion.

> Accordingly, we affirm the Board's opinion.

> ALL CONCUR.

BRIEF FOR APPELLANT:

Ched Jennings
Louisville, Kentucky

BRIEF FOR APPELLEE NORTON HEALTHCARE:

Douglas A. U'Sellis
Allison A. Zoeller
Louisville, Kentucky