FRUIT OF THE LOOM, Appellant,

v.

Frances OOTEN; J. Landon Overfield, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2001–SC–0468–WC.

Supreme Court of Kentucky.

March 21, 2002.

Norman E. Harned, Amanda Anderson Young, Bowling Green, Counsel for Appellant.

Nancy Oliver Roberts, Bowling Green, Counsel for Appellee, Frances Ooten.

## OPINION OF THE COURT

It is undisputed that the claimant sustained a work-related injury to her right elbow on September 13, 1994, and that she gave timely notice thereof. She underwent a right lateral epicondylar release in December, 1995, and her employer paid both medical and temporary total disability (TTD) benefits from December 22, 1995, through January 18, 1996, after which the claimant returned to work. She later sought treatment for various symptoms, leading Dr. Tsai to diagnose two conditions in addition to the epicondylitis and to recommend surgery for all three conditions. After obtaining medical opinions to the effect that the proposed surgeries were unrelated to the injury and unnecessary, the employer refused to approve them. The claimant continued to work until October 6, 1997, and alleges that she was terminated at that point.

The last voluntary TTD payment occurred on January 18, 1996; therefore, because January 18 and 19, 1998, fell on a Sunday and a holiday, she had until January 20, 1998, to file a timely claim. However, her application was not received by the Department of Workers' Claims (De-

partment) until January 21, 1998, and, therefore, was not filed until that date.

The employer maintained that the claim was barred by limitations, that only the elbow condition was work-related, and that the claimant had sustained a minimal occupational disability. Whereas, the claimant maintained that her application was timely under the circumstances, that all of her problems were work-related, that she was restricted to light duty work, and that because the proposed surgery might eliminate the need for restrictions, her disability might only be temporary.

Noting that in the ordinary course of delivery the claimant's application would have been received by the Department on time, the arbitrator concluded that it was timely under the "very unusual" circumstances. After reviewing the medical reports, the arbitrator relied upon the university evaluator and determined that only the lateral epicondylitis was work-related. Determining that repeat surgery was necessary and might well result in an improvement of the claimant's condition, the arbitrator concluded that it was compensable. Furthermore, the arbitrator determined that although the claimant was not entitled to TTD benefits before the surgery, she was entitled to TTD from the date of surgery until she reached MMI thereafter. Concluding that no decision could yet be made concerning the claimant's permanent disability, the arbitrator placed the claim in abeyance until she reached MMI following the surgery.

An Administrative Law Judge (ALJ) overruled the employer's subsequent request for de novo review on the ground that the arbitrator's decision was interlocutory and did not "grant or deny the ultimate relief sought as to all parties without the need for further steps to be taken." 803 KAR 25:010, § 12(1). After its petition for reconsideration was denied, the employer appealed to the Board which dismissed the appeal as having been taken from a nonfinal and nonappealable order. The subsequent appeal to the Court of Appeals was dismissed as being moot under the July 14, 2000 amendment to KRS 342.270 and the emergency regulations that were adopted at the time.

Appealing the order of dismissal to this Court, the employer continues to maintain that the arbitrator's order is appealable or, in the alternative, is an appealable interlocutory order because only the extent of permanent partial disability remains to be decided. The employer points out that, here, there is a question concerning whether the claim is timely and, therefore, whether the claimant is entitled to any benefits. The employer concedes that the disputed surgery has not yet been performed and, therefore, that it has paid no benefits under the arbitrator's award. It argues, however, that it will suffer irreparable harm if it is required to comply with the award because the claimant is unlikely to be able repay benefits if she ultimately loses. Furthermore, it argues that she did not establish that she would suffer an irreparable injury, loss, or damage pending a final decision on her application, all of which are requirements for interlocutory relief. 803 KAR 25:010, § 11(3). Finally, it asserts that 803 KAR 25:010, § 11 is unconstitutional because: 1.) it violates the principle of separation of powers by giving an arbitrator the power to grant injunctive relief; 2.) it violates KRS 454.060 and KRS 454.065 which require the execution of a bond before granting injunctive relief; and 3.) it violates an employer's right to due process before being deprived of property because a proceeding before an arbitrator does not involve a formal hearing or the right to examine and cross-examine witnesses.

At the time this claim was heard, claims were assigned to arbitrators for benefit review. The regulations permitted arbitrators to award interlocutory relief, and they did not permit an appeal be taken from an arbitrator's decision that failed to grant or deny the ultimate relief sought as to all parties without the need for further steps to be taken. *KI USA v. Hall,* Ky., 3 S.W.3d 355, 359 (1999).

Effective July 14, 2000, KRS 342.270(2) provides that workers' compensation claims are assigned directly to ALJs. Thus, under the Court of Appeals' decision, the claim will be remanded to an ALJ. As amended and renumbered effective January 14, 2002, 803 KAR 25:010, § 12(3) requires a party requesting interlocutory relief to demonstrate that she "is eligible under Chapter 342" and that she will "suffer irreparable injury, loss, or damage pending a final decision on the application." It provides that when interlocutory relief is awarded by an ALJ, the application "shall be placed in abeyance unless a party shows that irreparable harm will result." It permits an ALJ to "require periodic reports as to the physical condition of the plaintiff" and provides that "upon motion and a showing of cause, or upon the administrative law judge's own motion, interlocutory relief shall be terminated and the claim removed from abeyance." 803 KAR 25:010, § 12(4).

The employer complains that, even under the regulation, the arbitrator's benefit review determination will remain binding unless it is able to show cause; whereas, on de novo review before an ALJ, the burden would be on the claimant to establish that she is entitled to such relief. However, we are persuaded that the language of this regulation is broad enough to afford the employer the relief that it sought when appealing the arbitrator's decision. We conclude, therefore, that the Court of Appeals properly dismissed the appeal on the ground that it is moot.

All concur.