# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$ FINAL

DATE _3/26/20_
_A Hutcheson_

2019-SC-000032-WC

LEXINGTON FAYETTE URBAN COUNTY                                    APPELLANT
GOVERNMENT

ON APPEAL FROM COURT OF APPEALS
V.                          CASE NO. 2017-CA-001459
WORKERS' COMPENSATION BOARD NO. 15-WC-99086

JOHN BAKER;                                                       APPELLEES
HONORABLE GRANT ROARK,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

The Lexington-Fayette Urban County Government ("LFUCG") appeals a

decision by the Court of Appeals affirming an award of workers' compensation

benefits to John Baker. LFUCG brings three arguments on appeal: (1) the

Administrative Law Judge ("ALJ") erroneously took judicial notice; (2) no

medical opinion of record supports the ALJ's decision; and (3) the interlocutory

award requiring payment of medical and temporary total disability ("TTD")

benefits violates LFUCG's right under § 115 of the Kentucky Constitution to a

meaningful appellate review. Upon review, we hold that the ALJ's taking of

judicial notice was improper, yet harmless error. We concur with the remainder of the Court of Appeals' analysis. Accordingly, we affirm.

## I. Factual and Procedural Background.

Baker was employed as a heavy equipment operator for LFUCG. His job duties included operating and maintaining multiple different types of heavy machinery and lifting objects weighing between twenty to one hundred pounds. In 2010, Baker, who was also severely obese and suffered from hypothyroidism, began experiencing symptoms later diagnosed as bilateral carpal tunnel syndrome. He filed a claim for benefits alleging his injuries were work related.

During the pendency of his claim, Baker underwent several independent medical evaluations ("IME"). Dr. James Owen evaluated Baker and concluded that his carpal tunnel syndrome was caused by his work duties, including "repetitive pinching, gripping, and fine and gross manipulation." Baker underwent a separate IME by Dr. Richard Burgess, who determined that Baker's carpal tunnel syndrome was caused solely by his obesity and hypothyroidism, noting that Baker's work duties did not involve vibratory tools or repetitive force.

In 2015, the ALJ issued an interlocutory award granting medical benefits, including surgery, and TTD benefits to Baker. The ALJ relied on Dr. Owen's IME and, in an effort to explain why Dr. Burgess's IME was incorrect, took judicial notice of the fact that the heavy equipment Baker operated vibrated during operation. LFUCG moved for reconsideration of the

2

interlocutory award, which the ALJ denied. After the interlocutory award was given, Baker underwent a third IME by Dr. Richard Dubou, whose findings were consistent with those of Dr. Burgess.

In 2017, the ALJ issued its final opinion awarding permanent partial disability ("PPD") benefits to Baker based on Dr. Owen's report. LFUCG moved for reconsideration based on the ALJ's alleged improper taking of judicial notice. The ALJ denied the motion. LFUCG appealed to the Workers' Compensation Board ("Board"), arguing the same issues it argues in its appeal to this Court. The Board affirmed the ALJ's decision and refrained from analyzing the constitutional issue. The Court of Appeals affirmed the ALJ's decision and determined that a procedural avenue existed for LFUCG to challenge interlocutory awards, thus finding against its constitutional argument. This appeal followed.

## II. Standard of Review.

Recently, in *Active Care Chiropractic, Inc. v. Rudd*, 556 S.W.3d 561 (Ky. 2018), we reiterated the proper standard of review for workers' compensation decisions.

> We review statutory interpretation *de novo*. The well-established standard for reviewing a workers' compensation decision is to correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice. Finally, review by this Court is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude.

*Id.* at 564 (citations and quotations omitted).

3

## III.  Analysis.

LFUCG first argues that the ALJ improperly took judicial notice in his report when he found that the heavy equipment Baker worked on vibrated during its operation.  This action was an improper taking of judicial notice.

KRE[1] 201(b) states:

(b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either:

(1) Generally known within the county from which the jurors are drawn, or, in a nonjury matter, the county in which the venue of the action is fixed; or

(2) Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

After taking judicial notice in his initial order, the ALJ noted in his Order on Reconsideration that "the fact that operating heavy equipment requires the gripping of controls which vibrate while in use is generally known among the population of central Kentucky and/or Franklin or Fayette counties." We disagree with the ALJ's conclusion that most individuals in Franklin and Fayette counties "generally know[]" what operating heavy machinery entails. KRE 201(b)(1).  Undoubtedly, the details of operating heavy machinery are not facts generally known by the population of central Kentucky, and the ALJ improperly took judicial notice when its report stated otherwise.  However, this error was harmless.

---

[1] Kentucky Rules of Evidence.

Under KRS 342.285, the ALJ weighs the evidence and is the sole finder of fact. "In reaching his decision, the ALJ is free to choose to believe or disbelieve parts of the evidence from the total proof, no matter which party offered it." *LKLP CAC Inc. v. Fleming,* 520 S.W.3d 382, 386 (Ky. 2017) (citation omitted). While the ALJ improperly took judicial notice in an attempt to undercut the theory of Dr. Burgess's report, no law exists requiring the ALJ to disprove the reports of medical experts. As noted by the Board, "[n]o additional facts were necessary to bridge the gap between Dr. Owen's medical opinion and Baker's work."[2] Although improper, the ALJ's taking of judicial notice had no effect on the outcome of his decision and thus, it was harmless error.

Lastly, LFUCG argues that the interlocutory award requiring payment of medical and TTD benefits violates LFUCG's right under § 115 of the Kentucky Constitution to a meaningful appellate review. LFUCG contends that its due process rights were violated because it could not appeal the award of temporary benefits until after payment was made and Baker had reached maximum medical improvement ("MMI"). To receive TTD benefits a claimant must show that he "[w]ill suffer immediate and irreparable injury, loss, or damage pending a final decision on the application," and that the claimant is

---

[2] In this same vein, LFUCG's second argument fails, as Dr. Owen's opinion that "repetitive pinching, gripping, and fine and gross manipulation" at work caused Baker's carpal tunnel syndrome supports the ALJ's decision to award benefits to Baker.

"likely to succeed on the merits based upon the evidence introduced by the parties." 803 KAR[3] 25:010 § 12(4)(a)(2)–(3).

If a party disagrees with an ALJ's interlocutory order 803 KAR 25:010 § 12(2)(f) (hereinafter "Section 12") allows for recourse.

> If the request for interlocutory relief for income benefits is granted, the claim shall be placed in abeyance. The plaintiff shall provide a status report every sixty (60) days, or sooner if circumstances warrant or upon order by the ALJ, updating his or her current status. Upon motion and a showing of cause, or upon the ALJ's own motion, interlocutory relief shall be terminated and the claim removed from abeyance. Failure to file a timely status report may constitute cause to terminate interlocutory relief. Interlocutory relief, once awarded, shall continue until the ALJ issues an order of termination of interlocutory relief. The order terminating interlocutory relief shall also contain a provision for referral to the commissioner for reassignment of the claim for resolution by another ALJ.

Section 12 gives parties the opportunity to show cause why interlocutory relief should be terminated. This procedural channel affords the parties the ability to terminate TTD benefits. While LFUCG argues that the "ALJ is without power to alter or amend an interlocutory finding that a claimant sustained a work-related injury[,]" the above language in Section 12 shows otherwise. This is the same conclusion, albeit under different circumstances, this Court came to in *Fruit of the Loom v. Ooten*, 70 S.W.3d 403, 405 (Ky. 2002). Much like our decision in *Fruit of the Loom*, "we are persuaded that the language of this regulation is broad enough to afford the employer the relief that it sought when appealing the arbitrator's decision." *Id.* Therefore, we

---

[3] Kentucky Administrative Regulations.

affirm the decision of the Court of Appeals finding the awarding of TTD benefits to be constitutional.

## IV.  Conclusion.

The ALJ improperly took judicial notice, however, such error was harmless.  LFUCG's remaining arguments lack merit.  Accordingly, we affirm the decision of the Court of Appeals.

Minton, C.J.; Buckingham, Hughes, Keller, VanMeter and Wright, JJ., sitting.  All concur.  Lambert, J., not sitting.

COUNSEL FOR APPELLANT:

Thomas L. Ferreri
Matthew Jason Zanetti
FERRERI PARTNERS, PLLC


COUNSEL FOR APPELLEE, JOHN BAKER:

McKinnley Morgan
MORGAN COLLINS YEAST & SALYER


COUNSEL FOR APPELLEE, HONORABLE
GRANT ROAK, ADMINISTRATIVE LAW JUDGE:

Not represented by Counsel


COUNSEL FOR APPELLEE, WORKERS'
COMPENSATION BOARD:

Michael W. Alvey
WORKERS' COMPENSATION BOARD